## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| CLIFTON STANLEY DIAZ, | ) | |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | Civil Action No. 1:20-cv-03514 (UNA) |
| | ) | |
| WASHINGTON METROPOLITAN | ) | |
| AREA TRANSIT AUTHORITY, | ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM OPINION

Plaintiff, proceeding *pro se*, filed a complaint ("Compl."), ECF No. 1, and application for leave to proceed *in forma pauperis* ("IFP"), ECF No. 2, on November 30, 2020.  On December 15, 2020, the court issued a minute order directing plaintiff to, within 20 days, supplement his IFP application by specifying the pay period of his reported income.  On January 22, 2021, plaintiff filed a notice, ECF No. 3, albeit late, attesting that his reported salary is paid bi-weekly.   The court will thus grant plaintiff's IFP application and will dismiss this matter for the reasons explained herein.

Plaintiff, a resident of Baltimore, Maryland, sues the Washington Metropolitan Area Transit Authority ("WMATA") for "employment discrimination, backpay[,] and damages[,] and demand for jury trial."  Compl. at 1–2, 5.  He first alleges that his vehicle, which was parked on the street near his home in Baltimore, was struck by a tree.  *See id*. at 2–3.  He reported the incident to a Baltimore Councilwoman and demanded that the City of Baltimore pay for the damage. *See id*.  He contends that he and his father also "put a light in [the] car to take pictures and show the [] City the damages[,]" and he believes that Baltimore's refusal to pay for the damages is "retaliation from the City for having the light in the front windshield."  *Id.* at 3.

The middle portion of the complaint raises employment discrimination claims for violations of Title VII of the Civil Rights Acts of 1964, 42 U.S.C. 2000e *et seq*., against plaintiff's former employer, WMATA, *see* Compl. at 3–4.  More specifically, he contends that, between 2012 and 2013, he was discriminated against based on sex and national origin, which ultimately resulted in his wrongful termination.  *See id*.

The remainder of the complaint is difficult to follow.  Plaintiff contends that "the City of Baltimore Police Department is under a federal Consent Decree from the United States Department of Justice under Judge James Bredar in the United States District Court."  *Id.* at 4.  He then closes the complaint with open-ended questions regarding an alleged incident that occurred at a gas station with a Baltimore City police officer.  Plaintiff insinuates, without much detail, that the officer may have engaged in wrongdoing and perhaps violated his unspecified constitutional rights, but not further context is provided.  *See id*.  He demands damages, requests that his name be "cleared on all charges," and seeks either "backpay" or, alternatively, the reinstatement of his job position.  *Id.* at 4–5.

Preliminarily, Rule 8(a) of the Federal Rules of Civil Procedure requires complaints to contain "(1) a short and plain statement of the grounds for the court's jurisdiction [and] (2) a short and plain statement of the claim showing that the pleader is entitled to relief."  Fed. R. Civ. P. 8(a); *see Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009); *Ciralsky v. CIA*, 355 F.3d 661, 668-71 (D.C. Cir. 2004).  The Rule 8 standard ensures that defendants receive fair notice of the claim being asserted so that they can prepare a responsive answer and an adequate defense and determine whether the doctrine of *res judicata* applies.  *Brown v. Califano*, 75 F.R.D. 497, 498 (D.D.C. 1977).  A complaint "that is . . . rambling, disjointed, incoherent, or full of irrelevant and confusing material will patently fail [Rule 8(a)'s] standard, and so will a complaint that contains an untidy

assortment of claims that are neither plainly nor concisely stated, nor meaningfully distinguished from bold conclusions, sharp harangues and personal comments." *Jiggetts v. D.C.*, 319 F.R.D. 408, 413 (D.D.C. 2017), *aff'd sub nom*. *Cooper v. D.C.*, No. 17-7021, 2017 WL 5664737 (D.C. Cir. Nov. 1, 2017).

The instant complaint falls within this category.  It is unclear how many of these intended claims —where they can be understood— relate to one another.  Likewise, plaintiff has failed to establish any connection between his claims against the City of Baltimore to this venue, *see* 28 U.S.C. § 1391(b), nor has he sued a viable defendant as it relates to those claims.  It is entirely unclear how or why WMATA could be held liable for alleged wrongdoing by the Baltimore Police or for the other events that allegedly occurred in Baltimore.  Additionally, plaintiff fails to articulate adequately the deprivation of a protected right.  "Events may not have unfolded as Plaintiff wished, but his dissatisfaction . . . [does] not form a basis" for a constitutional violation. *Melton v. District of Columbia*, 85 F. Supp. 3d 183, 193 (D.D.C. 2015).  "[F]ederal court jurisdiction must affirmatively appear clearly and distinctly. The mere suggestion of a federal question is not sufficient to establish the jurisdiction of federal courts." *Johnson v. Robinson*, 576 F.3d 522, 522 (D.C. Cir. 2009) (citing *Bilal v. Kaplan*, 904 F.2d 14, 15 (8th Cir.1990) (per curiam)).  Consequently, there is also no basis to support jurisdiction or venue in this court for the bulk of plaintiff's intended claims.

 Finally, plaintiff's employment discrimination claims against WMATA are barred by res judicata.  Plaintiff has already raised these employment discrimination claims against WMATA before in this District.  *See Diaz v. WMATA Metro Transit Police*, No. 15-cv-00442 (CKK) (filed March 24, 2015), at ECF No. 1 (Complaint), No. 20 (Amended Complaint).  Summary judgment was entered for defendant in the prior action as to all claims, *see id.* at ECF No. 25 (Order March

22, 2017), No. 26 (Memorandum Opinion March 22, 2017), and the United Court of Appeals for the District of Columbia Circuit affirmed that decision, *see id*. at ECF No. 36-1 (Judgment). Therefore, a final judgment has been entered on the merits, which constitutes "finality as to the claim or demand in controversy, concluding parties and those in privity with them, not only as to every matter which was offered and received to sustain or defeat the claim or demand, but as to any other admissible matter which might have been offered for that purpose." *Nevada v. United States*, 463 U.S. 110, 129–30 (1983) (citation and internal quotation marks omitted). Consequently, plaintiff may not attempt to revive these claims or issues through new litigation as they are precluded.

For all of these reasons, the court dismisses the complaint.  An order consistent with this memorandum opinion is issued separately.

DATE: November 17, 2021                    _____s/s_____
                                           COLLEEN KOLLAR-KOTELLY
                                           United States District Judge